NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE W. PASSIATORE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3015

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-09-0124-I-1.

---

Decided: June 4, 2015

---

LAWRENCE W. PASSIATORE, Thornwood, NY, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

## DECISION

Lawrence W. Passiatore, a retired Postal Service employee, petitions for review of a final decision of the Merit Systems Protection Board dismissing his petition for review as untimely filed. We hold that the Board did not abuse its discretion in ruling that the petition was untimely and that Mr. Passiatore failed to show good cause for the delay in filing the petition.

## BACKGROUND

In August 2008, Mr. Passiatore retired from the Postal Service. Six months later, in February 2009, he filed an appeal with the Merit Systems Protection Board alleging that his retirement was involuntary. In June 2009, the administrative judge issued an initial decision dismissing his appeal for failure to make a nonfrivolous allegation of involuntariness.

Mr. Passiatore filed a petition for review with the Board four years later, in April 2014. In the petition, he stated that he did not receive a copy of the administrative judge's initial decision until November 2013. He also alleged that his counsel had retired from practice in August 2010.

The Board informed Mr. Passiatore that his petition appeared to be untimely, and it directed him to show good cause for his late filing. Mr. Passiatore subsequently filed a "Motion to Accept Filing As Timely and/or to Ask the Board to Waive or Set Aside the Time Limit." In that submission, he reiterated that he did not receive the initial decision until November 2013, and he alleged that he was hospitalized with a severe illness in November 2013 that affected his ability to file a petition for review of the initial decision once he had received a copy of that decision. Mr. Passiatore submitted no documentary or other evidence with his motion.

The Board considered Mr. Passiatore's submission and ruled that his petition was untimely filed. Under the Board's regulations, a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than five days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). The Board explained that, even crediting Mr. Passiatore's assertion that he did not receive the initial decision in his case until November 2013, he did not meet his burden of establishing good cause for the five-month delay between his asserted receipt of the initial decision in November 2013 and his filing of the petition for review in April 2014.

The Board found Mr. Passiatore's assertion that his counsel had retired from practice to be insufficient to excuse his untimely filing. *See Minor v. Dep't of the Air Force*, 109 M.S.P.R. 692, 695 (2008); *see also Abney v. Office of Pers. Mgmt.*, 89 M.S.P.R. 305, 309 (2001) ("[A] lack of representation, or an inability to obtain representation, does not establish good cause for an untimely filing of a petition for review."). As for Mr. Passiatore's assertion that he had been ill in November 2013, the Board found that claim to be uncorroborated. *Sanders v. Dep't of the Treasury*, 88 M.S.P.R. 370, 373 (2001) ("To establish that an untimely filed petition for review was the result of an illness, the party must identify the time period during which she suffered from the illness, support her allegation with corroborating medical or other evidence, and explain how the illness prevented her from timely filing her petition or requesting an extension of time."). Accordingly, the Board dismissed Mr. Passiatore's petition as untimely.

## DISCUSSION

Our review of decisions of the Merit Systems Protection Board is limited by statute. A Board decision must

be affirmed unless it is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

In this case, the Board did not abuse its discretion in finding Mr. Passiatore's filing to be untimely. The Board assumed that Mr. Passiatore had not received the initial decision in his case until November 2013. However, it concluded that he had not shown good cause for his delay in filing his petition for review until April 2014. While Mr. Passiatore offered some description of his illness and its effects, it was not unreasonable for the Board to find that his account of his illness, which was not accompanied by any corroborating documentation, was insufficient to establish both that he was suffering from a debilitating illness in November 2013 and that its effects were so severe and long-lasting that he was incapacitated for months after November 2013 and was unable to file his petition for review until April 2014.

Accordingly, we affirm the Board's order dismissing Mr. Passiatore's petition as untimely.

No costs.

**AFFIRMED**